IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **JOE HENRY SCOTT, #258485,** | : | |
| Plaintiff, | : | |
| vs. | : | CIVIL ACTION 09-0590-WS-C |
| **ALABAMA DEPARTMENT OF CORRECTIONS,** | : | |
| | : | |
| Defendant. | | |

**REPORT AND RECOMMENDATION**

Plaintiff, an Alabama prison inmate proceeding pro se and in forma pauperis, filed a complaint under 42 U.S.C. § 1983. This action was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). It is recommended that plaintiff's motions to amend (Docs. 9 & 10) be denied because the motions are futile and that his motion for a preliminary injunction be denied (Doc. 11).

**I. Motions to Amend.**  (Docs. 9 & 10).

Previously, a report and recommendation was entered recommending the dismissal of this action because the sole defendant was identified as the Alabama Department of Corrections ("ADOC"). (Doc. 7). The complaint's allegations indicated that ADOC was named as the defendant because plaintiff was unable to identify the member of the CERT

(Correctional Emergency Response Team)[1] who assaulted him on August 18, 2009. (Doc 1 at 4).

Plaintiff filed an objection to the report and recommendation (Doc. 9) advising that he believes ADOC is responsible for the incident and wonders what is he to do. He requests a female attorney and mentions the names of other officers who did not hit him. (Id. at 2). He refers to defendants Captain Gray for "misprison" and not reporting the action, and to Lieutenant Willie Knight, Officer Watson, and Officer Boggan because they were present and did not report or inform him of the aggressor's name. (Id. at 2). Then in an apparent contradiction, he requests that the other defendants be dropped and the defendant be changed to G. K. Fountain Correctional Center ("Fountain"). (Id.). Plaintiff's allegations at this point are jumbled.

However, it does appear that plaintiff intends Fountain to be the defendant because in his next pleading, which is being treated as a motion to amend, he states Fountain is the only defendant and he wants the other defendants dismissed. (Doc. 10). Plaintiff contends that the assaulting officer's lack of a name tag is Fountain's and ADOC's fault. (Docs. 9 at 2 & 10). Then, plaintiff states that if Fountain cannot be sued, he wants a voluntary dismissal or an extension of time. (Doc. 10).

Before the Court is plaintiff's objection to the report and recommendation (Doc. 9), which is being treated by the Court as a motion to amend, and the subsequently filed

---

[1] Plaintiff refers to this defendant as the SERT team.

motion to amend (Doc. 10).  Rule 15(a) of the Federal Rules of Civil Procedure provides that  leave to amend should be "freely given," except in the presence of "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment[.]'"  McKinley v. Kaplan, 177 F.3d 1253, 1258 (11th Cir. 1999) (quoting Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)).  With respect to futility, the law of this Circuit is clear that "a district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile."  Hall v. United Ins. Co. of America, 367 F.3d 1255, 1263 (11th Cir. 2004).  "When a district court denies the plaintiff leave to amend a complaint due to futility, the court is making the legal conclusion that the complaint, as amended, would necessarily fail."  St. Charles Foods, Inc. v. America's Favorite Chicken Co., 198 F.3d 815, 822-23 (11th Cir. 1999).

     After careful review of the motions to amend Fountain as the sole defendant, the undersigned finds such an amendment would be futile.  Initially futility occurs because Fountain is either an inanimate object incapable of acting, or an arm of the ADOC, which, in turn, is an arm of the State of Alabama.  A prison is not a person "capable of accepting service of plaintiff's complaints or responding to them," and therefore is not a suable entity. Maier v. Wood County Courthouse, 2007 WL 3165825, at *2 (W.D. Wis. Oct. 24, 2007).  And the State and its arms are not considered "persons" under § 1983.  Will v. Michigan Dept. of State Police, 491 U.S. 58, 70, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45

(1989); see Arps v. Eddie Warrior Correctional Ctr., 2006 WL 1451245, at *4 (W.D. Okla. May 18, 2006) ("a prison facility[] does not enjoy legal status separate from the DOC itself").  Inasmuch as the ADOC is an arm of the State of Alabama and, therefore, it and its subpart, Fountain, are not "persons" that may be sued for § 1983 purposes. Plaintiff's claim against Fountain is therefore, frivolous as a matter of law.  Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989) (a claim is frivolous as a matter of law where it seeks to enforce a right that clearly does not exist, thereby warranting its dismissal because it is without legal merit).

Secondly, ADOC (in the original complaint) and then Fountain (in the motions to amend) were named as defendants based on plaintiff's belief that they are liable for the assaulting officer's actions and failure to wear a name tag.  Whereas, ADOC and Fountain cannot be held liable for the acts of an employee.  See Monell v. Department of Soc. Servs, 436 U.S. 658, 691, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978) (Liability cannot be imposed against a[n employer] "solely because it employs a tortfeasor - or, in other words, a[n employer] cannot be held liable under § 1983 on a respondeat superior theory.").  Accordingly, plaintiff's claim holding ADOC or Fountain vicariously liable for the actions of its employee is without merit.  See Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S.Ct. 1937,1948, 173 L.Ed.2d 868 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

Based upon the foregoing reasons, it is recommended that plaintiff's pending

4

claims be dismissed without prejudice and that his motions to amend be denied because they are futile.  It is further recommended that an extension of time of sixty days be granted from the adoption of this recommendation for plaintiff to file a new complaint that provides the Court with the name of his assailant or with specific identifying information, such as chief deputy or warden, so service of process may be made upon this identified individual.  Plaintiff's failure to file a new complaint and provide this information within the prescribed time will result in the dismissal of this action without prejudice.  Plaintiff is warned that in the future he may not be able to bring a new action against his assailant because the three-strikes provision of 28 U.S.C. § 1915(g)[2] may prevent such a new action or the two-year statute of limitations may prevent it.  <u>Lufkin v. McCallum</u>, 956 F.2d 1104, 1105 (11th Cir.) (Alabama's two-year statute of limitations for personal injuries is to be applied to  § 1983 actions brought in Alabama), <u>cert. denied</u>, 506 U.S. 917 (1992).

---

[2]Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [28 U.S.C. § 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

**II. Motion for a Preliminary Injunction.**  (Doc. 11)

Plaintiff filed a motion for a preliminary injunction that is void of any supporting facts and contains disjointed legal terms that fail to convey a coherent thought.  The Court is unable to discern the basis for plaintiff's motion and, therefore, cannot describe in a cogent manner the contents of the motion.  Accordingly, plaintiff's motion for a preliminary injunction is due to be denied because plaintiff has failed to show that he would suffer "immediate and irreparable injury, loss, or damage[,]" inter alia. FED.R.CIV.P. 65(b)(1)(A)(2009); see Zardui-Quintana v. Richard, 768 F.2d 1213, 1216 (11th Cir. 1985) (requiring the movant to show that irreparable harm will result if the injunction does issue in addition to the movant meeting the burden of persuasion on the other three factors).  Therefore, it is recommended that the motion for a preliminary injunction be denied.

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

DONE this 6th day of January, 2010.

   s/WILLIAM E. CASSADY    
**UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

l.     *Objection*.  Any party who objects to this recommendation, or anything in it, must, within

fourteen days of the date of service of this document, file specific written objections with the Clerk of this Court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*). The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within [fourteen] days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.  ***Transcript (applicable Where Proceedings Tape Recorded)***. Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

s/WILLIAM E. CASSADY
UNITED STATES MAGISTRATE JUDGE
